UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GERALD PRINCE, JR.,             Case No. 07-11945

      Plaintiff,                  HONORABLE ARTHUR J. TARNOW
v.                               DISTRICT JUDGE

COMMISSIONER OF SOCIAL SECURITY,     HONORABLE DONALD A. SCHEER
                                            MAGISTRATE JUDGE
      Defendant.
_____/

## ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [46] AND DISMISSING CASE

On December 4, 2007, Plaintiff filed suit seeking judicial review of the Commissioner's decision disallowing his claim for Social Security benefits. Pursuant to Local Rule 72.1(b)(3), "all cases seeking review of a denial of [S]ocial [S]ecurity benefits [are] assigned both to a district judge and a magistrate judge." This case was referred [4] to the Magistrate for issuance of a Report and Recommendation.

On September 18, 2008, the Court entered an Order [27] accepting the Magistrate's Report and Recommendation [18], but remanding the case to the Magistrate for consideration of a specified issue. On October 15, 2008, Plaintiff filed a document [31] with the Court, and on November 24, Defendant filed a Response [38] addressing the issue that has been presented to the Magistrate. On December 3 and 8, respectively, Plaintiff filed Replies [39] and [41]. With the termination of the stay in this case, the aforementioned filings were recommitted to the Magistrate.

On July 10, 2009, the Magistrate filed another Report and Recommendation [46], advising that the Commissioner's November, 1998, determination that Plaintiff was eligible for benefits did not have a determinative effect on Plaintiff's May, 2004, application for benefits.

On July 14, 2009, Plaintiff timely filed an Objection [47] to the Magistrate's report.

# I. STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1), a magistrate judge's orders shall not be disturbed unless "found to be clearly erroneous or contrary to law." *Curtis*, 237 F.3d at 603. The "clearly erroneous" standard requires that the Court affirm the Magistrate's decision unless, after reviewing the entirety of the evidence, the Court "is left with the definite and firm conviction that a mistake has been committed." *Sandles v. U.S. Marshal's Service*, 2007 WL 4374077, 1 (E.D. Mich. 2007) (citing *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746 (1948)). The test is:

> not whether the finding is the best or only conclusion that can be drawn from the evidence, or whether it is the one which the reviewing court would draw. Rather the test is whether there is evidence in the record to support the lower court's finding, and whether its construction of that evidence is a reasonable one.

*Heights Community Congress v. Hilltop Realty, Inc.*, 774 F.2d 135, 140 (6th Cir.1985).

This Court reviews *de novo* any objections to a Magistrate's Report and Recommendation. *See* 28 U.S.C. § 636(b)(1). Because Plaintiff has filed an Objection [47], his assignments of error are considered below.

# II. PLAINTIFF'S OBJECTIONS

### I. Newly Raised Constitutional Claims

In his Objection [47], Plaintiff raises two claims that have not previously been asserted in this action. Specifically, Plaintiff states claims under the Equal Protection clause and the *ex post facto* provision of the United States Constitution.

The Court cannot now consider claims raised for the first time in Plaintiff's Objection to the Magistrate's report, because "[i]ssues raised for the first time in objections to [a] magistrate's recommendation [are] waived." *See Marshall v. Chater*, 75 F.3d 1421, 1427 (10th Cir. 1996) (collecting cases); *see also United States v. Waters*, 158 F.3d 933, 936 (6th Cir. 1998).

### II. Absence of Appointed Counsel

Plaintiff also objects that he was never appointed counsel in this matter. In its discretion, a court may appoint an attorney to represent any person unable to afford counsel. *See* 28 U.S.C. § 1915(e). On August 24, 2007, Plaintiff's request for representation was referred [5] to the Court's

pro bono program, and on December 4, 2008, further proceedings were stayed [40] pending the appointment of an attorney. Despite the Court's most diligent efforts, however, it was impossible to identify a pro bono attorney who was willing to pursue this case on Plaintiff's behalf. The stay was ultimately lifted [44], and Plaintiff was permitted to proceed *pro se*.

It is regrettable that pro bono counsel could not be located for assignment to this case. However, "[a]ppointment of counsel in a civil case is not a constitutional right," but "a privilege that is justified only by exceptional circumstances." *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993) (internal citations omitted). The absence of appointed counsel in this civil matter does not constitute a basis upon which the Court may reject the Report and Recommendation.

### III. *Worsening of Plaintiff's Condition*

Plaintiff also objects that his ailment, myasthenia gravis, only worsens with time, and that an unfavorable decision regarding his eligibility for disability benefits will contribute to the decline of his condition.

That unfortunate possibility does not establish that the Magistrate's findings are "clearly erroneous or contrary to law" so as to require rejection of the Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); *Curtis*, 237 F.3d at 603.

### IV. *Applicability of* Drummond v. Commissioner of Social Security

On September 18, 2008, the Court entered an Order [27] accepting the Magistrate's prior Report and Recommendation [18], but remanding the case to the Magistrate for determination of whether, under *Drummond v. Commissioner of Social Security* and Acquiescence Ruling 98-4(6), the Commissioner's prior determination that Plaintiff was eligible for benefits has preclusive effect on the present action. *See* 126 F.3d 837 (6th Cir. 1997). It is this question to which the Magistrate's current Report and Recommendation [46] is addressed.

In *Drummond v. Commissioner of Social Security*, a claimant's initial disability application was denied after an Administrative Law Judge ("ALJ") determined that the claimant had the residual functional capacity ("RFC") to perform "sedentary" work. Her subsequent application was also denied after a second ALJ determined that the claimant had the RFC to perform "medium level" work. The reviewing court reversed, holding that the second ALJ was bound by the first ALJ's determination regarding the claimant's RFC. *See id.* at 843.

Here, the Magistrate finds that *Drummond* does not apply to Plaintiff's case. Unlike

3

*Drummond* – in which two different ALJs rendered inconsistent determinations of the same claimant's RFC – the present case involves a Plaintiff whose initial disability classification was based *only* on documentary medical evidence, *not* on an RFC finding rendered by an ALJ. When Plaintiff was initially granted benefits in 1998, no RFC finding was rendered. Plaintiff's subsequent application for benefits – the application that is now before the Court – *is* based on an RFC analysis. In this case, unlike in *Drummond*, the ALJ's determination of Plaintiff's RFC is not controlled by any prior RFC finding, because no such finding has been rendered in a previous proceeding.

Plaintiff objects that the Magistrate's report "misinterprets *Drummond*." It appears that Plaintiff is urging the Court to consider the overall weight of the medical evidence in reviewing the Magistrate's Report, and in evaluating Plaintiff's application for benefits.

In enacting the social security system, Congress created a two-tiered system in which the administrative agency handles claims and the judiciary merely reviews the determination for exceeding statutory authority or for being arbitrary and capricious. *See Sullivan v. Zebley*, 493 U.S. 521 (1990). Judicial review under 42 U.S.C. § 405(g) is limited, in that the Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005). In deciding whether substantial evidence supports the ALJ's decision, this Court "do[es] not try the case *de novo*, resolve conflicts in evidence, or decide questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007).

Here, the Court is barred from conducting a direct review of the medical evidence in Plaintiff's case. Furthermore, the Court finds that the Magistrate's interpretation of *Drummond* is neither "clearly erroneous or contrary to law" so as to require rejection of the Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); *Curtis*, 237 F.3d at 603.

On all bases set forth, or which can be reasonably inferred from the filings, Plaintiff's Objection [47] must be denied.

### III. CONCLUSION

The Court has reviewed the administrative record and the parties' pleadings in this case, and

4

being fully advised in the premises,

**IT IS ORDERED** that the Report and Recommendation [46] of the Magistrate Judge is hereby **ADOPTED**, and is entered as the findings and conclusions of the Court. Plaintiff's Objection [47] is **DENIED**.

**IT IS FURTHER ORDERED** that, the Court having adopted [27] the Magistrate's previous Report and Recommendation [18], this case is hereby **DISMISSED**.

**SO ORDERED.**


S/ARTHUR J. TARNOW
Arthur J. Tarnow
United States District Judge

Dated:  August 11, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 11, 2009, by electronic and/or ordinary mail.

S/THERESA E. TAYLOR
Case Manager